Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0747 | **DATE** | 3/8/13 |
| **CASE TITLE** | Jamaal Charles (2011-0320069) vs. Cook County Dept. of Corrections, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [5] is granted. The Court authorizes and orders Cook County Jail officials to deduct $12.50 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Clerk shall also: (1) dismiss Defendant Cook County Department of Corrections, (2) issue summons for service of Plaintiff's complaint on Defendant Dart, (3) attach a Magistrate Judge Consent Form to the summons for Defendant, and (4) send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for the assistance of counsel [3] is granted. The Court appoints Gordon B. Nash, Jr., of Drinker Biddle Gardner Carton (IL), 191 North Wacker Drive, Suite 3700, Chicago, Illinois 60606, 3120-569-1000, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rules 83.29 and 83.37.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Jamaal Charles, a pretrial detainee at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $12.50. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

Plaintiff alleges that in July 2012, he was prescribed a chair for use in the shower after he injured his foot. However, pursuant to a policy/custom within the jail, the correctional officers would not allow him to use the chair. On July 11, 2012, Plaintiff fell in the shower and broke his foot. Plaintiff was prescribed crutches and transferred back to Division 10. In Division 10, Plaintiff was placed in a cell that only had a vacant top bunk even though he had a lower bunk permit. Plaintiff was forced to sleep on the top bunk and his crutches were taken away from him while on the tier. On July 29, 2012, Plaintiff fell from the top bunk, injuring himself again. Plaintiff was taken for medical care but was returned to Division 10 where his crutches were again taken away from him. Plaintiff alleges that a policy exists at the jail wherein doctors orders are disregarded and detainees are not allowed to use their prescribed medical devices (chairs, canes or crutches).

| STATEMENT |
|---|

     Plaintiff names Cook County Department of Corrections, Sheriff Thoms Dart, and an unknown superintendent as Defendants. Cook County Department of Corrections is not a suable entity. *See Castillo v. Cook County Dep't Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993). Accordingly, it is dismissed as a Defendant in this matter. Plaintiff has sufficiently pled an official capacity claim against Sheriff Dart related to the alleged deliberate indifference to detainee's medical needs. Accordingly, Defendant Dart must respond to the complaint.

     The United States Marshals Service is appointed to serve Defendant Dart. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

     Plaintiff also seeks the assistance of counsel. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to request counsel for Plaintiff, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7thCir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

     After considering the above factors, the Court concludes that granting Plaintiff the assistance of counsel is warranted in this case at this time. The Court appoints Gordon B. Nash, Jr., of Drinker Biddle Gardner Carton (IL), 191 North Wacker Drive, Suite 3700, Chicago, Illinois 60606, 3120-569-1000, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rules 83.29 and 83.37.